UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RICHARD VITAL**<br>    **D.O.C. # 586649** | : | **DOCKET NO. 15-CV-2552** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **DARREL VANNOY** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C § 2254, filed by Richard Vital ("petitioner"). Doc. 1. The petitioner is a prisoner in the custody of the Louisiana Department of Public Safety and Corrections and is incarcerated at Dixon Correctional Institute in Jackson, Louisiana. Darrel Vannoy ("respondent"), warden, has responded. Doc. 18.

This matter is referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court. For the following reasons **IT IS RECOMMEDED** that the application be **DENIED** and that the petition be **DISMISSED WITH PREJUDICE**.

I.
BACKGROUND

*A. Conviction*

The petitioner was indicted in the 31st Judicial District, Jefferson Davis Parish, Louisiana, on one count of aggravated rape and one count of cocaine distribution. Doc. 18, att. 1, pp. 2–3;

*State v. Vital* ("Vital I"), 107 So.3d 1274, 1275 (La. Ct. App. 3d Cir. 2013).[1] The rape charge related to the allegation that he had engaged in vaginal sexual intercourse with D.B., a person under the age of thirteen years old. *Id.*

The bill of indictment was amended on June 17, 2011, to one count of forcible rape. *Id.* On that date the petitioner withdrew his previous plea of not guilty and entered a guilty plea to forcible rape and cocaine distribution. Doc. 18, att. 3, pp. 6–7. He was thereafter sentenced to thirty years of imprisonment at hard labor on the rape conviction, with the first two years to be served without the benefit of probation, parole, or suspension of sentence, and ten years at hard labor for cocaine distribution, to be served concurrently. Doc. 18, att. 4, p. 30; *Vital I*, 107 So.3d at 1275.

### B. Direct Appeal

The petitioner filed an application for post-conviction relief with the trial court on October 17, 2011, seeking an out-of-time appeal. Doc. 18, att. 7, p. 11–12. The request was granted and appellate counsel appointed. *Id.*

The petitioner then appealed his conviction to the Louisiana Third Circuit Court of Appeal. *Vital I*, 107 So.3d at 1275; *State v. Vital* ("Vital II"), 107 So.3d 1279 (La. Ct. App. 3d Cir. 2013). There his appellate counsel asserted that there were no non-frivolous issues upon which to base an appeal. *Vital I*, 107 So.3d at 1275; *Vital II*, 107 So.3d at 1281. The petitioner raised the following assignments of error *pro se*:

> 1. The trial court erred when it failed to individually advise him of his right to a jury trial, privilege against self-incrimination, and right to confront his accusers.
>
> 2. The cumulative effect of the constitutional errors in his case amounted to a denial of his constitutional rights to equal protection and due process.

---

[1] The respondent only attaches the record for the forcible rape case. Though many hearings were held jointly, the record lacks certain documents relating to the cocaine distribution charge alone. As no facts related to those missing documents are at issue, we cite to the Third Circuit's review.

*Vital I*, 107 So.3d at 1276; *Vital II*, 107 So.3d at 1281. The Third Circuit reviewed these claims on the merits and denied relief. *Vital I*, 107 So.3d at 1276–79; *Vital II*, 107 So.3d at 1282–85. The petitioner then sought review in the Louisiana Supreme Court, which denied same for both Third Circuit decisions on September 13, 2013. *State v. Vital*, 120 So.3d 692 (La. 2013). No petition for writ of certiorari was filed in the United States Supreme Court. Doc. 1, p. 2.

### C. State Collateral Review

On October 4, 2013, the petitioner filed a second application for post-conviction relief with the trial court for both cases. Doc. 1, att. 3, pp. 58–70. There he raised the following claims:

1. The trial court erred in accepting "[c]onstitutionally [i]nfirm" guilty pleas and the petitioner was thereby denied his right to due process.
2. Petitioner was denied effective assistance of counsel by his trial attorney's deficient performance.
3. The continued incarceration of the petitioner violates his rights to due process and equal protection.
4. The cumulative effect of constitutional errors committed in these proceedings effectuated "serious denial" of the petitioner's right to due process and equal protection.

*Id.* The trial court reviewed these claims on the merits and denied the application. Doc. 1, att. 3, pp. 71–73. The petitioner then sought review in the Third Circuit, which likewise found no merit to his claims. *Id.* at 92. The petitioner sought review in the Louisiana Supreme Court, which denied same on September 18, 2015. *State ex rel. Vital v. State*, 178 So.3d 142 (La. 2015).

### D. Federal Habeas Petition

The instant petition was filed in this court on October 15, 2015. Doc. 1, p. 6. Here the petitioner raises the following claims for relief:

1. The trial court erred when it failed to individually advise the petitioner of is right to a jury trial, his privilege against self-incrimination, and his right to confront his accusers.
2. The continued incarceration of the petitioner would be a violation of his right to due process as it is based on the trial court's errors cited above.

3. The cumulative effect of the constitutional errors committed in these proceedings effectuated serious denial of the petitioner's right to equal protection and due process.
4. [repetition of Claim 1, *supra*]
5. The trial court erred in accepting constitutionally infirm pleas.
6. The petitioner was denied effective assistance of counsel through his trial attorney's deficient performance.
7. [repetition of Claim 2, *supra*]

Doc. 1, att. 2, pp. 3–5. From these we read the following individual claims for relief:

1. The trial court erred in failing to individually advise his petitioner of his rights before accepting a guilty plea.
2. The petitioner was denied effective assistance of counsel by the deficient performance of his trial attorney.
3. The cumulative effect of constitutional errors in these proceedings effectuates a denial of the petitioner's right to due process and equal protection.

## II.
### LEGAL STANDARDS ON HABEAS REVIEW

*A. Timeliness*

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. 28 U.S.C. § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The

limitations period is only tolled, however, while applications for state review are pending and not between resolution of state review and the filing of the federal habeas application. *See Carey v. Saffold*, 122 S.Ct. 2134, 2138 (2002). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

### B. *Procedural Default and Exhaustion of State Court Remedies*

Before proceeding to the merits of the issues raised in the petition, this court considers the doctrines of procedural default and exhaustion of state court remedies. Exhaustion and procedural default are both affirmative defenses that may be waived by the state if not raised in its responsive pleadings. *See, e.g.*, *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994). However, the federal district court may also consider both doctrines on its own motion. *Magouirk v. Phillips*, 144 F.3d 348, 357–59 (5th Cir. 1998). Therefore we consider any claims by respondent under these doctrines, in addition to conducting our own review.

#### 1. *Exhaustion of State Court Remedies*

The federal habeas corpus statute and decades of federal jurisprudence require a petitioner seeking federal habeas corpus relief to exhaust all available state court remedies prior to filing his federal petition. 28 U.S.C. § 2254(b)(1); *e.g.*, *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). This is a matter of comity. *Ex parte Royall*, 6 S.Ct. 734, 740–41 (1886). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts "in a procedurally proper manner according to the rules of

the state courts." *Wilder v. Cockrell,* 274 F.3d 255, 259 (5th Cir. 2001); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Each claim must be presented to the state's highest court, even when review by that court is discretionary. *E.g.*, *Wilson v. Foti*, 832 F.2d 891, 893–94 (5th Cir. 1987). Exhaustion is not satisfied if the petitioner presents new legal theories or entirely new factual claims in support of his federal habeas petition. *Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir. 1983).

In Louisiana the highest court is the Louisiana Supreme Court. *See* LSA–Const. art. 5, § 5(a). Thus, in order for a Louisiana prisoner to have exhausted his state court remedies he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner, supported by the legal theories and factual allegations that he raises now. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997).

### 2. *Procedural Default*

When a petitioner has defaulted a claim by violating a state procedural rule which constitutes adequate and independent grounds to bar direct review in the United States Supreme Court, he may not raise that claim in a federal habeas proceeding absent a showing of cause and prejudice or actual innocence. *Coleman v. Thompson*, 111 S.Ct. 2546, 2554 (1991). Failure to satisfy state procedural requirements results in forfeiture of a petitioner's right to present a claim in a federal habeas proceeding. *Murray v. Carrier*, 106 S.Ct. 2639 (1986). This is not a jurisdictional matter; rather, it is grounded in concerns of comity and federalism. *Trest v. Cain*, 118 S.Ct. 478, 480 (1997).

Procedural default exists where (1) a state court clearly and expressly bases its dismissal of the petitioner's constitutional claim on a state procedural rule and that procedural rule provides

an independent and adequate ground for the dismissal ("traditional" procedural default)[2] or (2) the petitioner fails to properly exhaust all available state court remedies and the state court to which he would be required to petition would now find the claims procedurally barred ("technical" procedural default). In either instance, the petitioner is considered to have forfeited his federal habeas claims. *Bledsue v. Johnson*, 188 F.3d 250, 254–5 (5th Cir. 1999). The grounds for procedural default must be based on the actions of the last state court rendering a judgment. *Harris v. Reed*, 109 S.Ct. 1038, 1043 (1989).

### C. General Principles

When a state court adjudicates a petitioner's claim on the merits, this court reviews the ruling under the deferential standard of 28 U.S.C. § 2254(d). *Corwin v. Johnson*, 150 F.3d 456, 471 (5th Cir. 1998). Section 2254(d) provides that a writ of habeas corpus shall not be granted unless the state court's adjudication on the merits resulted in a decision that was either (1) contrary to clearly established federal law or involved an unreasonable application of that law, or (2) based on an unreasonable determination of the facts in light of the evidence before the state court. 28 U.S.C. § 2254(d).

The first standard, whether the state court's adjudication was contrary to or involved an unreasonable application of clearly established federal law, applies to questions of law as well as mixed questions of law and fact. A petitioner must demonstrate that the "fair import" of the state court decision shows that the court failed to apply the controlling federal standard. *Early v. Packer*, 123 S.Ct. 362, 365 (2002) (per curiam). Furthermore, the decision must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any

---

[2] To serve as adequate grounds for a federally cognizable default the state rule "must have been firmly established and regularly followed by the time as of which it is to be applied." *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004) (internal quotations omitted).

possibility for fair-minded disagreement." *Harrington v. Richter*, 131 S.Ct. 770, 784 (2011). A decision is contrary to clearly established federal law "if the state court applies a rule that contradicts the governing law set forth [by the Supreme Court], or if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedents and arrives at a [contrary] result . . . ." *Bell v. Cone*, 125 S.Ct. 847, 850 (2005), quoting *Williams v. Taylor*, 120 S.Ct. 1495, 1519–20 (2000) (internal quotations omitted).

The second standard – whether the state court's adjudication was based on an unreasonable determination of the facts in light of the evidence – applies to questions of fact. It is insufficient for a petitioner to show that the state court erred in its factual determination but rather he must demonstrate that the factual determination was objectively unreasonable, a "substantially higher threshold." *Schriro v. Landrigan*, 127 S.Ct. 1933, 1939 (2007). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 130 S.Ct. 841, 849 (2010). Rather, the petitioner has to show that "a reasonable factfinder must conclude" that the determination of facts by the state court was unreasonable. *Rice v. Collins*, 126 S.Ct. 969, 975 (2006).

### III.
#### LEGAL ANALYSIS

As a preliminary matter this court reviews the petitioner's application for timeliness, failure to exhaust state court remedies, and procedural default. If the claim is procedurally viable, its merits are considered under the general standards set forth in Section II.C.

*A. Timeliness:*

Here the petitioner's conviction became final on December 13, 2013, when his time for seeking review in the United States Supreme Court expired.[3] *See* Sup. Ct. R. 13. Because the petitioner filed for post-conviction relief on October 4, 2013, no time accrued toward his one year limit in this period. Tolling continued until September 18, 2015, when the Louisiana Supreme Court denied review of the application. Thus only **27 days** accrued before the petitioner sought relief in this court on October 15, 2015, and the instant petition is timely.

*B. Exhaustion of State Court Remedies and Procedural Default*

All of the claims raised above were exhausted in the state courts and reviewed there on the merits. Accordingly, all claims raised in the instant petition are properly before this court.

*C. Substantive Analysis*

Having determined that all claims are properly before this court, we now review them on the merits.

> 1. ***The trial court erred in failing to individually advise his petitioner of his rights before accepting a guilty plea.***

The petitioner's first claim relates to the trial court's alleged failure to individually advise him of his rights at his change of plea hearing. He contends that the trial court thus accepted a plea made under duress, coercion, and intimidation.

Prisoners are generally forbidden from collaterally attacking their guilty pleas. *Taylor v. Whitley*, 933 F.2d 325, 327 (5th Cir. 1991). However, a guilty plea is only constitutionally valid

---

[3] The petitioner's direct appeal to the Third Circuit was apparently untimely, as shown by his need to seek permission for an out-of-time appeal. Although express rulings of untimeliness by a state court mean that tolling is not warranted under § 2244(d), it remains unsettled as to whether a petitioner is entitled to tolling where it can be shown that he delayed in filing the petition under state law but the state court did not deny the petition on grounds of untimeliness. BRIAN R. MEANS, FEDERAL HABEAS MANUAL § 9A:53 (2016). Accordingly, and especially in light of the allowance of the petitioner's appeal in the state courts, we allow for tolling here.

to the extent that it is voluntary and intelligent. *Bousley v. United States*, 118 S.Ct. 1604, 1609 (1998). The voluntariness of a plea is determined from "all of the relevant circumstances surrounding it." *Brady v. United States*, 90 S.Ct. 1463, 1469 (1970). A plea is involuntary if induced by threats, misrepresentation, or improper promises. *United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). A plea is intelligent if the defendant first receives "real notice of the true nature of the charge against him." *Bousley*, 118 S.Ct. at 618 (quoting *Smith v. O'Grady*, 61 S.Ct. 572, 574 (1941)). Thus, "[a] guilty plea is invalid if the defendant does not understand the nature of the constitutional protection that he is waiving or if he has such an incomplete understanding of the charges against him that his plea cannot stand as an admission of guilt."[4] *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995).

The transcript reflects that the petitioner appeared with two other defendants and the petitioner's trial attorney, Richard Oustalet, on June 17, 2011. Doc. 1, att. 3, pp. 115–16. The petitioner and the other two defendants were then sworn in and apprised of their rights as a group. *Id.* at 116–19. The court then addressed the petitioner directly.

> **The Court**: Mr. Vital, do you understand that by pleading guilty today that you're waiving all of these rights?
> **Mr. Vital**: (Nods head affirmatively.)
> **The Court**: I'm sorry?
> **Mr. Vital**: Yes, sir.
> **The Court**: Thank you, Mr. Vital.

*Id.* at 119. After accepting the pleas of the other two defendants, the court again addressed Vital individually. *Id.* at 141. Vital provided identifying information, stated that he had completed high school, and indicated that he was not taking any medication or suffering from any mental or

---

[4] These constitutional protections are the privilege against self-incrimination, the right to a jury trial, and the right to confront accusers. *Boykin v. Alabama*, 89 S.Ct. 1709, 1712 (1969).

physical condition that would prevent him from understanding the proceedings. *Id.* at 141–42. He averred that he had had the opportunity to discuss his case and the consequences of a guilty plea with his attorney. *Id.* at 142. The court then reviewed the charges and recommended sentences, and the petitioner confirmed that no one had threatened him or coerced him in order to make him plead guilty. *Id.* at 143–48. After hearing a factual basis for the charges, the court then accepted the pleas. *Id.* at 148–56.

The petitioner does not contest that the trial court apprised him of the applicable constitutional rights but maintains that this was insufficient because the petitioner was not addressed individually. The colloquy transcript also makes clear that the petitioner was fully informed of all of his rights and the impact of his plea, notwithstanding the fact that the general constitutional rights were read to a group of defendants rather than to the petitioner individually.

The petitioner further contends that he only entered the guilty pleas because of threats from his attorney, the prosecutor, and the trial court judge. Namely, he alleges that he was led to believe that he would receive a life sentence if he did not plead guilty. Doc. 1, att. 2, p. 11. Although he asserted at the plea colloquy that no one had made any threats or promises relating to the charges, he now contends that we must also look to other factors present at the time of the plea. However, his self-serving assertion that he was threatened with a life sentence is the only circumstance he offers. This alone is not enough to cast doubt on the statements he made in open court. Accordingly, the petitioner shows no basis for habeas relief.

The petitioner also requests an evidentiary hearing on this claim. The decision of whether to grant an evidentiary hearing is committed to the sound discretion of the court. *Townsend v. Sain*, 83 S.Ct. 745, 757 (1963) (overruled on other grounds by *Keeney v. Tamayo-Reyes*, 112 S.Ct. 1715 (1992)). A petitioner's self-serving declarations are insufficient to warrant a hearing when they

consist of improbable assertions and are contradicted by credible record evidence. *See, e.g.*, *Chang v. United States*, 250 F.3d 79, 85–86 (2d Cir. 2001). Here the petitioner makes the conclusory and self-serving declaration that the "misleading information" he received regarding a potential life sentence rendered his plea involuntary. Doc. 1, att. 2, p. 11. However, he fails to show how the communications alleged were inaccurate or misleading. Furthermore, the evidence on the aggravated rape charge,[5] which carries a possible life sentence, was strong: semen matching the petitioner's DNA was recovered on a vaginal swab of the underage victim.[6] Doc. 18, att. 1, pp. 22–23; *see* LA. REV. STAT. § 14:42. Accordingly, the petitioner's allegations do not entitle him to an evidentiary hearing on this claim.

### 2. *Ineffective assistance of counsel*

The petitioner also alleges that he received ineffective assistance from his trial counsel, Richard Oustalet, in violation of his constitutional rights.

Claims of ineffective assistance of counsel are gauged by the guidelines set forth by the Supreme Court in *Strickland v. Washington*, 104 S.Ct. 2052 (1984). Under *Strickland*, a petitioner must demonstrate: (1) that his counsel's performance was deficient, requiring a showing that the errors were so serious such that he failed to function as "counsel" as guaranteed by the Sixth Amendment, and (2) that the deficiency so prejudiced the defendant that it deprived him of a fair trial or of a dependable verdict. *Id.* at 2064. This standard does not require perfect assistance by counsel; rather, petitioner must demonstrate that counsel's representation fell beneath an objective standard of reasonableness. *Id.* Judges have been cautioned towards deference in their review of attorney performance under *Strickland* claims in order to "eliminate the potential distorting effect

---

[5] The statute has since been amended to rename the crime as "first degree rape." The elements of the offense, however, remain the same. La. Acts 2015, No. 256, § 1.
[6] The victim's date of birth was provided at the change of plea hearing and shows that she was under the age of thirteen at the time of the offense. Doc. 1, att. 3, pp. 148–49. The petitioner does not challenge the accuracy of this information.

of hindsight." *Rector v. Johnson*, 120 F.3d 551, 563 (5th Cir. 1997) (quoting *Strickland*, 104 S.Ct. at 1065). The resulting prejudice must also be so great that it creates a substantial likelihood of a different result. *Pape v. Thaler*, 645 F.3d 281, 288 (5th Cir. 2011). A petitioner must meet both of *Strickland*'s prongs in order to show a basis for federal habeas relief. *Id.*

The *Strickland* test also applies to guilty plea challenges based on ineffective assistance of counsel. *Hill v. Lockhart*, 106 S.Ct. 366, 369–70 (1985). In such cases the defendant can satisfy the second prong by showing a reasonable probability that, but for counsel's errors, he would have insisted on going to trial rather than pleading guilty. *Id.* at 370. This assessment thus depends in large part on whether the evidence likely would have changed the outcome of a trial or whether any potential affirmative defenses likely would have succeeded. *Id.* at 370–71.

The petitioner alleges that trial counsel performed deficiently by failing to inform him of his rights or to investigate his case before advising him to plead guilty. However, he makes no statements about what exculpatory evidence Oustalet would have uncovered against the DNA evidence cited above. He fails to show how any advice from Oustalet about his chance of receiving a life sentence was inaccurate or misleading. The transcript from the change of plea hearing also reflects that the petitioner was advised of the relevant details by counsel and the court and understood all of the rights to be waived before he pleaded guilty. Accordingly, even assuming that any of his claims of deficient performance are true, he cannot show sufficient harm to merit relief under *Strickland*.

### 3. *Cumulative effect of constitutional errors*

Finally, the petitioner alleges that the cumulative effect of constitutional errors in his case renders his conviction and subsequent sentence a violation of due process. However, as stated

under the previous two claims, the petitioner fails to show any constitutional violations. Therefore he cannot prevail under a claim of cumulative error.

## IV.
### CONCLUSION

For the reasons stated above, the undersigned concludes that the petitioner is not entitled to federal habeas relief.

Accordingly, **IT IS RECOMMENDED** that the instant application be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE this 22 August 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE